NOT FOR PUBLICATION

**FILED**

# UNITED STATES COURT OF APPEALS

APR 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| LANCE ELLIOT WILLIAMS, | No. 22-55974 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 3:18-cv-01581-TWR-KSC |
| NAVARRO, Correction Officer (3rd Watch Control Tower); E. ESTRADA, Correctional Officer; J. MEJIA, Correctional Officer; A. SILVA, Correctional Officer; CASTRO, Correctional Officer; M. RODRIGUEZ, Correctional Officer; R. RODRIGUEZ, Correctional Officer; T. BRISIO, Psych Tech; JOHN DOES, 1, 2, and 3; Correctional Officers, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Submitted April 22, 2024[**]

Before:    CALLAHAN, LEE, and FORREST, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Lance Elliot Williams, a former California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment for defendants Mejia, Navarro, Estrada, R. Rodriguez, M. Rodriguez, Silva, and Castro because Williams failed to raise a genuine dispute of material fact as to whether these defendants were deliberately indifference to his serious medical needs. *See id.* at 1057-60 (explaining that deliberate indifference is a "high legal standard" requiring a defendant be aware of and disregard an excessive risk to an inmate's health); *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (to preclude summary judgment, a party may not rest on allegations in his pleadings but must set forth specific facts showing that there is a genuine issue for trial).

We lack jurisdiction to review the district court's summary judgment for defendant Brisio because Williams failed to file an amended or separate notice of appeal. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007) (discussing the requirement to file an amended or new notice of

22-55974

appeal in order to contest an issue arising after filing an earlier notice of appeal).

**AFFIRMED.**